UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT SUITER,

                Petitioner,         Case No. 2:14-cv-14936
                                                   Hon. Denise Page Hood

S.L. BURT,

                Respondent.
_____/

**OPINION AND ORDER 1) GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT [Dkt. 14], 2) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, 3) DENYING CERTIFICATE OF APPEALABILITY AND PERMISSION TO APPEAL IN FORMA PAUPERIS, AND 4) DEEMING MOOT PETITIONER'S MOTIONS FOR DISCOVERY AND APPOINTMENT OF COUNSEL [Dkts. 3, 11, and 12]**

Robert Suiter ("Petitioner"), a Michigan Department of Corrections prisoner, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenges his Wayne Circuit Court guilty plea conviction for one count of first-degree criminal sexual conduct. MICH. COMP. LAWS § 750.520b. Petitioner was sentenced to 18 years and 9 months-to-40 years imprisonment. The petition raises four claims: 1) Petitioner was denied the effective assistance of counsel when his trial attorney failed to advise Petitioner to accept the first plea offer made by the prosecutor, 2) the trial court erred in failing to allow Petitioner to withdraw his plea, 3) the trial court miscalculated the sentencing guidelines, and 4) the sentencing

information report contains incorrect information.

This matter is before the Court on Respondent's motion for summary judgment, in which he asks the Court to dismiss the petition as untimely. Petitioner has not filed a response to the motion, but his habeas petition asserts "Petitioner was not aware of the time-line concerning further procedure until the time of a year had lapsed but was informed that there is a ninety-day grace period." Dkt. 1, p. 13. Petitioner has also filed motions for discovery and for the appointment of counsel.

The Court will grant Respondent's motion for summary judgment and dismiss the case, because Petitioner failed to comply with the one-year limitations period under 28 U.S.C. §2244(d). The Court will also deny Petitioner a certificate of appealability and permission to proceed on appeal in forma pauperis, and it will deem moot his pending motions.

## I. Background

Petitioner was sentenced on May 17, 2005. He did not file a direct appeal of his conviction or sentence with the Michigan Court of Appeals.

Rather, nearly seven years after he was sentenced, on March 2, 2012, Petitioner filed a motion for relief from judgment in the state trial court. The motion raised what now form Petitioner's habeas claims. The trial court denied the motion on July 12, 2012.

In January, 2013, Petitioner filed a delayed application for leave to appeal this decision in the Michigan Court of Appeals. On September 13, 2013, the Michigan Court of Appeals denied Petitioner's application by standard order. *People v. Suiter*, No. 314204 (Mich. Ct. App. Sept. 13, 2013).

Petitioner attempted to file a late application for leave to appeal to the Michigan Supreme Court, but it was received on December 11, 2013, beyond the 56-day deadline to appeal.

Petitioner filed a second motion for relief from judgment in the trial court on November 5, 2012. The state trial court denied his motion on December 5, 2012. Petitioner did not appeal this decision to the Michigan Court of Appeals or Michigan Supreme Court.

The habeas petition now before this Court was dated December 23, 2014, and was filed on December 30, 2014.

**II. Discussion**

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. In considering a motion for summary judgment, the Court will construe all facts in a light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). There are no genuine issues of material fact when

"the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Id*. If the movant carries its burden of showing an absence of evidence to support a claim, then the nonmovant must demonstrate by affidavits, depositions, answers to interrogatories and admissions that a genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-325 (1986). This standard of review may be applied to habeas proceedings. See *Redmond v. Jackson*, 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides a one-year period of limitation for a habeas petition filed by a state prisoner seeking habeas relief from a state court judgment. 28 U.S.C. § 2244(d)(1). The limitation runs from one of four specified dates, usually either the day when the judgment becomes final by the conclusion of direct review or the day when the time for seeking such review expires. 28 U.S.C. § 2244(d)(1)(A). The limitation period is tolled while "a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2).

The limitation period began to run in this action when Petitioner's conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. 2244(d)(1)(A). None of the other potential starting points apply to this case. Petitioner does not assert that his claims

are based on previously unavailable facts or law, nor does he allege that the state created an external impediment preventing him from filing his petition. *See* §§ 2244(d)(1)(B)-(D).

The time for seeking direct review for purposes of subsection 2244(d)(1)(A) concluded one year after Petitioner's May 17, 2005, sentence, when the time expired for Petitioner to file a delayed application for leave to appeal his conviction in the Michigan Court of Appeals. *See* Mich. Ct. R. 7.205(F)(3) (2010). That is, the statute of limitation began to run on May 18, 2006, and it expired one year later.

The limitations period is tolled under § 2244(d)(2) during the time a petitioner has a post-conviction review proceeding pending in the state courts. Petitioner filed two petitions for state post-conviction review in 2012. By that time, however, the limitations period had already expired. While a state post-conviction proceeding tolls the limitations period, it does not restart the one-year clock once it has already expired. *See McMurray v. Scutt*, 136 F. App'x 815, 817 (6th Cir. 2005) (citing *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003)).

The petition is therefore time-barred unless Petitioner can demonstrate grounds for equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010). A

petitioner is entitled to equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. (internal quotation marks omitted). The party seeking equitable tolling bears the burden of proving that he is entitled to it. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010).

Petitioner makes no such showing. His petition merely pleads ignorance of the statute of limitations, and it "humbly ask[s] this Court to pardon his tardiness as to Petitioner not being fully aware of the law." Dkt. 1, p. 13. The fact that Petitioner is untrained in the law or may have been unaware of the statute of limitations for a period of time does not warrant tolling. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law does not justify tolling); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse" for failure to follow legal requirements). Petitioner has failed to demonstrate that he is entitled to equitable tolling under *Holland*.

The one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schlup v. Delo*, 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). The Supreme Court has cautioned that "tenable actual-innocence gateway pleas

are rare[.]" *Id*. "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. (quoting *Schlup*, 513 U.S. at 329). For an actual innocence exception to be credible under *Schlup*, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner's case falls outside of the actual innocence tolling exception enunciated in *Shlup*, because Petitioner has presented no new, reliable evidence to establish that he was actually innocent of the crimes charged. *See Ross v. Berghuis*, 417 F. 3d 552, 556 (6th Cir. 2005).

Accordingly, the Court will grant Respondent's motion for summary judgment and dismiss the amended petition.

Petitioner's pending motions for discovery and the appointment of counsel are deemed moot.

### III.  Conclusion

Before Petitioner may appeal, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability

may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*. Having undertaken the requisite review, the court concludes that jurists of reason would not debate the Court's procedural ruling. A certificate of appealability will therefore be denied. Furthermore, leave to appeal in forma pauperis is denied because any appeal of this order would be frivolous.

### IV. Order

For the foregoing reasons, **IT IS ORDERED** that Respondent's motion for summary judgment is **GRANTED**, and the petition is **DISMISSED.**

**IT IS FURTHER ORDERED** that a certificate of appealability and permission for leave to appeal in forma pauperis are **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner's motion for discovery [Dkt. 11], and motions for appointment of counsel [Dkts. 3 & 12] are deemed **MOOT.**

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  August 31, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 31, 2015, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager